Bruce S. Zero, Esquire
ATTORNEY I.D. #41616
POWELL LAW
527 Linden Street
Scranton, PA 18503
(570) 961-0777

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA ALUNNI, | : | |
| | : | CIVIL ACTION - LAW |
| Plaintiff | : | |
| | : REMOVED | FROM LACKAWANNA COUNTY |
| VS. | : | COURT DOCKET NO.: 2010-CV-2403 |
| | : | |
| CINEMARK USA, INC., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | DOCKET NO. 3:10-899 |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

A.      This is a personal injury action which was originally filed in the Court of

Common Pleas of Lackawanna County and thereafter counsel for the Defendant removed this

action to the U.S. District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C.

Section 1332(a)(1) - Diversity of Citizenship.

B.      On June 22, 2008, the Plaintiff, SANDRA ALUNNI, was lawfully on the

premises of the Defendant and upon exiting the theater was walking to the parking lot area to her

vehicle when she fell due to uneven pavement and/or a height differential around a storm drain in

the parking lot area.

1

It is Plaintiff's contention that the liability against the Defendant, CINEMARK, is clear. On the date of the accident in question, the Defendant allowed uneven payment and/or a height differential to exist around a storm drain in the parking lot area.

Plaintiff contends that the Defendant was negligent in the following manner:

1. The Defendant did, on the above-mentioned date and for some time prior thereto, carelessly and negligently allow a defective and dangerous storm drain with a height differential and uneven pavement around said storm drain to exist in the parking lot area of the said premises which caused a dangerous and defective condition to exist on the above-mentioned premises located at 40 Glenmaura National Boulevard, Moosic, Lackawanna County, Pennsylvania, commonly known as "Cinemark of Moosic", of which condition the Defendant had or should have had due and proper notice;

2. The Defendant was negligent in maintaining and supervising the design, construction, maintenance and condition of said premises, by allowing a defective and dangerous storm drain with a height differential and uneven pavement around said storm drain to exist in the parking lot area which caused a dangerous and defective condition to remain on the premises located at 40 Glenmaura National Boulevard, Moosic, Lackawanna County, Pennsylvania, commonly known as "Cinemark of Moosic" of which condition the Defendant had or should have had due and proper notice;

2

3.      The Defendant should have given notice to the general public, and more

        particularly, the Plaintiff, SANDRA ALUNNI, of the existence of the said

        defective and dangerous storm drain with a height differential and uneven

        pavement around said storm drain and/or the otherwise defective condition

        on the above-described premises prior to the happening of said incident;

4.      The Defendant was negligent in failing to repair the defective condition of

        the above-described premises located at 40 Glenmaura National

        Boulevard, Moosic, Lackawanna County, Pennsylvania, commonly known

        as "Cinemark at Moosic";

5.      The Defendant negligently designed and negligently constructed the

        premises including the storm drains in the parking lot area of said

        premises, which created a dangerous condition;

6.      The Defendant was negligent in failing to place barricades in the area of

        the storm drain with a height differential and uneven pavement around the

        said storm drain and/or the otherwise defective condition so that the

        general public, and more particularly, the Plaintiff, SANDRA ALUNNI,

        would not be able to traverse said area;

7 .     Failure to inspect and repair obvious and known dangerous conditions in

        said storm drain in the parking lot area of said premises;

8 .     Defendants violated the laws of the Commonwealth of Pennsylvania and

        Building Ordinances of the City of Scranton;

9.      Defendants violated the BOCA Code in the design and construction of the storm drain in the parking lot area in question.

**C.      Undisputed Facts:**

1.      This suit is brought under 28 U.S.C. Section 1332(a)(1) - Diversity of Citizenship.

2.      This accident occurred on July 22, 2008, in the parking lot of Cinemark in Moosic, Lackawanna County, Pennsylvania.

3.      Plaintiff sustained injuries as a result of the accident in question.

**D.      (1) Principal Injuries sustained:**

As a result of this incident, the Plaintiff, SANDRA ALUNNI, sustained severe and permanent injuries in the form of an acute 5th metatarsal fracture of the right foot.

Following the incident, SANDRA ALUNNI, presented to the Community Medical Center complaining of right foot pain.  Examination revealed pain and swelling in the area of the 5th metatarsal area.  X-ray performed of the right foot revealed acute 5th metatarsal fracture.  She was given prescriptions for Motrin and Vicodin and advised to follow-up with an orthopedic surgeon.

On July 23, 2008, Mrs. Alunni presented to Dr. Jack Henzes, an orthopedic surgeon for follow-up of her displaced fracture of the fifth metatarsal.  Dr. Henzes noted that Mrs. Alunni was ambulating with crutches.  Examination revealed swelling and ecchymosis, tenderness to palpation over the base of the fifth metatarsal and limited motion secondary to pain.  Dr. Henzes diagnosed right fifth metatarsal base fracture.  He placed her in a short leg fiberglass cast and recommended follow-up in ten days for re-evaluation, cast removal and new x-ray.  X-ray performed on that date revealed displaced fracture of the right fifth metatarsal base.

At the time of the August 1, 2008 follow-up with Dr. Henzes Physician's Assistant, it was noted that Mrs. Alunni still had mild to moderate swelling and ecchymosis and tenderness over the base of the fifth metatarsal.  It was recommended that she continue in the short leg fiberglass walking case and follow-up in one week.

On August 8, 2008, Dr. Henzes re-examined Mrs. Alunni.  At that time, she indicated that she was having less pain.  Dr. Henzes recommended continuing in short leg fiberglass case, follow-up in two weeks and advised her she could return to work in her cast, bearing weight as tolerated.

Mrs. Alunni presented to Dr. Henzes on August 20, 2008.  At that time, the cast was removed.  Dr. Henzes noted some continued mild swelling in the foot.  He provided a prescription for a low time CAM walker and advised her to walk as tolerated in the CAM walker with follow-up in two weeks.

Dr. Henzes Physician's Assistant re-examined Mrs. Alunni on September 3, 2008.  At that time, Mrs. Alunni indicated that she has done a little walking without the book and noticed improvement.  Examination revealed continued minimal swelling of the foot with mild tenderness to palpation at the fracture site.  It was recommended that she continue with the CAM walker for long distances and go without it for short distance or until sore with follow-up in three weeks.

At the time of the September 24, 2008 follow-up with Dr. Henzes' Physicians' Assistant, Mrs. Alunni indicated that she has been able to wear her regular shoe although her foot does get sore.  Examination revealed minimal swelling over the base of the fifth metatarsal with mild

tenderness to palpation.  It was recommended that she start wearing regular shoes as tolerated.

At the time of the last visit with Dr. Henzes, it was noted that Mrs. Alunni was having pain in the metatarsal region of the right foot.  Further, she noted that by the end of the day her foot does swell.  Examination revealed swelling over the base of the distal aspect of the metatarsal with some tenderness to palpation.  She was advised to wear a broader shoe with good sole support and take Celebrex to see if her discomfort resolves.

In a November 27, 2009 report of Dr. Henzes he noted that Mrs. Alunni presented to his office on July 23, 2008 after suffering an injury while stepping off a curb suffering a displaced fracture of her right fifth metatarsal.  He noted that Mrs. Alunni was treated conservatively initially with a cast and then a fracture brace with uneventful healing.  Dr. Henzes specifically opines that Mrs. Alunni's right fifth metatarsal fracture was causally connected to the slip and fall of July 22, 2008.  He further opines that she may have intermittent symptoms due to the injury due to soft tissue swelling from the injury that occurs at the time of the fracture and she is at risk for re-injuring the soft tissues due to the previous trauma.  Further, she may have persistent permanent swelling of her foot which may alter her activities due to her pain.

(2)    **Present Disability:**

Ms. ALUNNI continues to have swelling in her right foot depending upon her activities and how long she is on her feet as well as changes in weather.

**(3)** __Special monetary damages, loss of past earnings, medical expenses, property damages, etc.:__

Ms. ALUNNI's healthcare plan Oxford Health Plain, is asserting a lien relative to this claim in the amount of One Thousand Six Hundred Eight Dollars and twenty-three cents ($1,608.23) for payment of medical bills.

Ms. ALUNNI has incurred out-of-pocket expenses for medical treatment totaling Five Hundred Twenty-Nine ($529.00) Dollars.

At the time of the incident, Ms. ALUNNI was employed with Middletown Dialysis Center.  She was earning Forty Dollars and twenty-two cents ($40.22) per hour for a forty (40) hours work week.  Due to her injuries, she was disabled from her employment from July 22, 2008 through August 8, 2008 and therefore sustained a loss of earnings totaling Three Thousand Six Hundred Nineteen Dollars and eighty cents ($3,619.80).

**(4)** __Estimated value of pain and suffering__:

Fifty Thousand ($50,000.00) Dollars.

**(5)** __Special damages claim__:

All medical bills, wage loss, and out-of-pocket expenses will be presented at the time of trial as special damages.

**E.** __WITNESSES__:

See list of witnesses which is attached hereto and marked as Exhibit #1.

**F.** The summary of expert testimony is contained in the attached List of Witnesses, expert reports and medical records.

**G.**     **Special comment about pleadings and discovery, including depositions and exchange of medical reports:**

None at this time.

**H.**     The legal issue involved in this mater is whether the Defendant was negligent in the manner set forth in Plaintiff's Complaint in allowing uneven pavement and/or a height differential to exist around a storm drain on their property.

**I.**     Counsel for the Plaintiff and counsel for the Defendants will enter into stipulations regarding the authenticity and admissibility of all hospital records, doctor records, past wage loss sustained, amount of medical bills and jurisdiction.  Counsel for the Plaintiff and counsel for the Defendants will also enter into a Stipulation concerning authenticity of all documents, x-rays, and/or other documents and materials identified at the time of counsel's Pre-Trial Conference, which documents and other materials have been exchanged during the discovery process.  Counsel for Plaintiff and counsel for Defendants also anticipate they will reach further stipulations prior to the time of the trial of this matter.

**J.**     **Estimated Number of Trial Days:**

The trial is expected to take two (2) days.

**K.**     **Any other matter pertinent to the case to be tried:**

None at this time.

**L.**     See attached pre-numbered Schedule of Exhibits.

**M.**     **Special verdict questions:**

None at this time.

**N.**     Not applicable to Plaintiff's counsel.

8

**O.**     Counsel for Plaintiff and counsel for Defendants will review all videotape

depositions prior to trial in an effort to eliminate the irrelevancies, side comments and resolve

any objections.

**P.**     Not applicable.

**POWELL LAW**

Bruce S. Zero, Esquire

ATTORNEY FOR PLAINTIFF

527 Linden Street
Scranton, Pennsylvania 18503
(570) 961-0777